UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CONNAN DALE JOHNSON,

                Plaintiff,

v.                                     Case No. 17-cv-1292-pp

DERIK THIEME and
ERIC A. LINSMEYER,

                Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING MOTIONS TO AMEND COMPLAINT (DKT. NOS. 9, 12), SCREENING THE AMENDED COMPLAINT (DKT. NO. 8) AND ADMINISTRATIVELY CLOSING THE CASE PENDING EXHAUSTION OF STATE REMEDIES**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 8. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, screens the plaintiff's amended complaint, denies without prejudice his motions to amend the complaint and administratively closes the case until the plaintiff has fully litigated State of Wis. v. Connan Dale Johnson, Case No. 2016CF1148 (Brown County) and State of Wis.v. Connan Dale Johnson, Case No. 2016CM1114 (Brown County).

**I.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

The Prison Litigation Reform Act ("PLRA") applies to this case, because the plaintiff was incarcerated when he filed this complaint. 28 U.S.C. §1915.

1

The law allows an incarcerated plaintiff to proceed with a lawsuit in federal court without prepaying the civil case filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

The court assessed an initial partial filing fee of $15.90. Dkt. No. 5. The court received that payment on October 11, 2017. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee and will allow him to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

II. **SCREENING THE PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 8)**

A. Standard for Screening Complaints

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.   Facts Alleged in the Amended Complaint

At the time he filed his amended complaint, the plaintiff was an inmate at the Brown County Jail. Dkt. No. 8. Defendants Eric Linsmeyer and Derik

3

Thieme were Brown County Sheriff's Department employees who worked on the Drug Task Force. Id. at 2.

On July 12, 2016, Linsmeyer and Thieme delivered a package to the plaintiff's home. Id. Linsmeyer and Thieme opened the package prior to delivery, and knew that there were drugs inside. Id. Still, they left it on the doorstep of the plaintiff's house. As soon as the plaintiff took the package inside, Linsmeyer and Thieme executed an unsigned search warrant at the plaintiff's home. Id.

Linsmeyer and Thieme arrested the plaintiff following the search of his home, but later, Linsmeyer and Jeffrey Brann (not a defendant in the case) released the plaintiff because they wanted implicate the mother of his children, Tanya Forslund, "for owning nice cars" that were at the plaintiff's house at the time of the search. Id. at 2-3. The plaintiff explains that "they" thought there would be more drugs at Forslund's home. Id. It's unclear whether the "they" to whom the plaintiff refers were Linsmeyer and Thieme or Linsmeyer and Brann. See id. In any event, "they" called the plaintiff's landlord to evict him, then "waited for over a month to catch [the plaintiff] at Tanya Forslund's home." Id. at 3. The plaintiff alleges that "they" wanted to catch him at Forslund's home so that they could search it in August 2016, "using an excuse that two officers smelled marijuana in her back shed," which they later said was empty. Id. The plaintiff was arrested as a part of an "on-going drug investigation." Id. The plaintiff says that media broadcast crews publicly slandered him and claimed that he was dangerous and part of an on-going investigation. Id.

4

The plaintiff says that after he was arrested, he learned that Linsmeyer had reported that drugs, cocaine and cocaine base were found in the plaintiff's home in June 2016. Id. The plaintiff says that Linsmeyer lied during motion hearings. Id. He also alleges that after "a year fighting in court," district attorney Amy Pautzke gave him "undeniable falsified documents as evidence." Id.

A review of the Wisconsin Circuit Court Access Program (CCAP) shows that on August 11, 2016, the plaintiff was charged in Brown County Circuit Court with eight felony drug charges and three misdemeanor drug charges in State v. Johnson, 2016CF1148, and on August 17, 2016, the plaintiff was charged with misdemeanor resisting/obstructing and possession of drug paraphernalia in State v. Johnson, Case No. 2016CM1114, see https://wcca.wicourts.gov. Both cases remain "open" and pending resolution.

C.  Legal Analysis of Alleged Facts

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

The Younger abstention doctrine prohibits federal judges from intervening in state prosecutions unless there are extraordinary circumstances involved. Younger v. Harris, 401 U.S. 37 (1971). Federal courts must abstain

from exercising jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. See SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and immediate. Younger, 401 U.S. at 45.

Federal claims arising from illegal searches, seizures and detentions involve constitutional issues that a criminal defendant can litigate during the course of the state criminal case. See Gakuba v. O'Brien, 711 F.3d 751, 751 (7th Cir. 2013). Such issues do not present a danger of irreparable and immediate loss, because the criminal defendant can address them during his trial in state court. See id. If the criminal defendant loses at trial, he can appeal to a higher state court, such as the Wisconsin Court of Appeals or the Wisconsin Supreme Court, for relief. Id. For that reason, federal courts stay civil rights cases pending in federal courts until any state criminal case from which the plaintiff's federal claims may arise is resolved. Id.

The plaintiff's claims in this federal case involve two allegedly unreasonable searches (one on July 12, 2016 and the other on August 16, 2016), an allegedly illegal arrest on August 16, 2016, and "falsified documents" and "perjury" in the criminal cases that resulted from those searches and arrests. Because the plaintiff's state criminal cases are not over, there is nothing the federal court can do for him at this time. In order for this court to consider the plaintiff's claims, he must complete his underlying criminal cases and then exhaust all of his appellate, or post-conviction, options in state court.

See Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995). This court can consider his constitutional claims only after the plaintiff has litigated his claims to the highest state court.

The court will administratively close the plaintiff's case at this time. When the plaintiff has fully litigated his pending state criminal cases through every level of the state system, he may file a motion with this court, asking to reopen the case. There is no additional fee for filing a motion to reopen. The court will preserve the original filing date for this case—September 25, 2017—regardless of when the plaintiff files his motion to reopen.

## III.   MOTIONS TO AMEND COMPLAINT (DKT. NOS. 9, 12)

Since filing his amended complaint, the plaintiff has filed two motions asking for leave to further amend the complaint. Dkt. Nos. 9, 12. The court will deny those motions without prejudice. If, once the plaintiff has litigated his criminal case and asked to reopen this case, he feels that he needs to make changes to the October 13, 2017 amended complaint, he may file a motion for leave to amend at that time. The court cautions the plaintiff, however, that if he does ask to amend the federal complaint after his criminal cases are over, he cannot simply ask the court to "add" claims to the complaint (as he did in his motion at Dkt. No. 9). He must file a new complaint, and include in it every fact relevant fact, and every claim he wants to pursue. That amended complaint will take the place of the October 13, 2017 complaint, so it needs to be complete in and of itself. He should write the word "amended" in front of the word "complaint" on the first page of the complaint form, and should use the case

7

number for this case—17-cv-1292. If the plaintiff does seek to amend his federal complaint, the court will screen that amended complaint.

## IV. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions to amend the complaint. Dkt. Nos. 9, 12.

The court **ORDERS** that this case is administratively closed.

The court **ORDERS** that if, after he fully litigates his criminal cases in state court, the plaintiff files a motion to reopen this federal case, the filing date for this case shall remain September 25, 2017.

The court **ORDERS** the agency having custody of the plaintiff to collect from the plaintiff's prison trust account the **$297.93** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forward payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the Brown County Jail, where the plaintiff is confined.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the case.

Dated in Milwaukee, Wisconsin this 19th day of June, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**